UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Catherine E. Crawford,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:21-cv-726

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

On December 14, 2021, Magistrate Judge Vascura issued a Report and Recommendation ("R&R") recommending the Court overrule Plaintiff's Statement of Specific Errors in this Social Security case. R&R, ECF No. 20. Plaintiff timely objected to that recommendation.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court determines de novo those portions of the R&R that were properly objected to. Fed. R. Civ. P. 72(b).

On objection, Plaintiff argues the Administrative Law Judge ("ALJ") improperly evaluated Dr. Wood's opinions. Obj. 2–3, ECF No. 21. First, Plaintiff contends the ALJ applied the wrong legal standard by focusing on the fact that the objective record evidence failed to substantiate Dr. Wood's opinions rather than finding, as was required under the Treating Physician Rule,[1] that the record contradicted Dr. Wood's findings (or that Dr. Wood's findings were based on medically unacceptable clinical or diagnostic techniques). *Id.*

---

[1] The Treating Physician Rule applied here because Plaintiff's claim was filed before March 27, 2017.

Plaintiff's argument inaccurately characterizes the ALJ's Decision. The ALJ rejected Dr. Wood's opinion in Exhibit 19F because it contained an opinion reserved for the Commissioner and because it was inconsistent with Dr. Wood's own treatment notes. R. at 3203. The ALJ partially rejected Dr. Wood's opinions in Exhibit 20F because the opinions were contradicted by other record evidence—namely, Dr. Wood's own treatment notes, the consultative examiner's notes, and the evidence that Plaintiff could perform many activities that were inconsistent with Dr. Wood's opined limitations. *Id.*

Second, Plaintiff argues that the ALJ took a myopic view of the record when considering whether Dr. Wood's opinions were contradicted by record evidence. Obj. 3, ECF No. 21. In making this argument, Plaintiff does not contest that the record evidence the ALJ cited did contradict Dr. Wood's opinions. Nor does Plaintiff contest that some of the contradicting evidence came from Dr. Wood's own treatment notes or Plaintiff's own testimony. Rather, Plaintiff merely contends that other record evidence supported Dr. Wood's opinion. It is not the Court's place to reweigh the evidence, though, and Plaintiff has failed to show that the ALJ's decision amounted to improper cherry picking.

Plaintiff's objection is **OVERRULED**. The R&R is **ADOPTED**, Plaintiff's Statement of Specific Errors is **OVERRULED**, and the Commissioner's decision is **AFFIRMED**. The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT